**UNITED STATES**

v.

**Airman Basic John L. McKINNON, FR 535–70–4706, United States Air Force.**

**ACM 22700.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Nov. 1979.

Decided 6 June 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was arrested and placed in confinement on 10 August 1979, charged under Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 with use of heroin, transfer of heroin, and use of marijuana in the hashish form. He remained in confinement prior to trial a total of 88 days. At the trial before a military judge sitting as a general court-martial, the accused's motion for "credit for time served in pretrial confinement against any sentence to confinement" was granted on the basis that the pretrial confinement was illegal. On conviction, in accordance with his pleas, the accused was sentenced by the trial judge to a bad conduct discharge, confinement at hard labor for 15 months, and forfeiture of all pay and allowances.

The convening authority approved the sentence but did not grant credit for time served in pretrial confinement on the theory that the trial judge had already given the accused credit for the illegal confinement in the adjudged sentence. Appellate defense counsel contend the convening authority erred by failing to give the accused credit for time served in illegal pretrial confinement against the sentence adjudged at trial.

The Court of Military Appeals has established the proper procedural remedy for illegal pretrial confinement. In *United States v. Larner*, 1 M.J. 371 (C.M.A.1976), the Court held that the only legal and fully adequate remedy was a judicial order of administrative credit against an otherwise appropriate sentence. Recognition of an appropriate credit in the sentence adjudged at trial, even where expressed, was specifically rejected by the Court as inadequate. *Id.* at 375, note 13.

In the instant case, in granting the motion, the trial judge ordered that credit be given "against any sentence to confinement".[1] Under *United States v. Larner,*

---

1. Standing alone, this statement is ambiguous, particularly when, in announcing sentence, the military judge made no further reference to his earlier ruling. To more clearly indicate that

*supra*, this judicial order directing administrative credit against an otherwise appropriate sentence was the only legal and adequate remedy for an accused who was confined illegally prior to trial. The convening authority's failure to comply with the judge's order and apply such credit to the accused's sentence was error. Therefore, the accused will be given an administrative credit of 88 days against his sentence to confinement.[2]

The findings of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

HERMAN, Senior Judge and MILES, Judge, concur.

further action was required by the convening authority to implement the military judge's ruling it would be preferable, in granting such motion, to state: "The convening authority will give the accused credit for time served in pretrial confinement against any sentence to confinement *adjudged by this court*."

2. The Judge Advocate General is requested to take appropriate action to insure the administrative credit against accused's sentence to confinement is applied.